ANTONIO DIEZ URRUTIA, ETC., Petitioner, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, Respondent.

No. 196. Argued May 6, 1940.—Decided May 10, 1940.

*Luis Mercador* for petitioner. *Víctor J. Vidal González* and *G. Atiles Moreu* for State Insurance Fund.

MR. JUSTICE WOLF delivered the opinion of the court.

Roberto Ramos Torres was working as a messenger in the pharmacy in Arecibo of Antonio Diez Urrutia and on

the 14th of August, 1939, while riding a bicycle was knocked down by a truck belonging to the establishment of José S. Mera. The truck was conducted by Carlos Colón. The workman died a few days afterwards and the district attorney presented against the chauffeur an information of involuntary manslaughter.

Although there is nothing in the record to show that he was authorized to do so, an employee of the pharmacy, Agustín Diez Urrutia, notified the Industrial Commission of the accident which did not examine its own records to see whether Antonio Diez Urrutia was insured or not. As a consequence of this notice the Commission incurred in certain expenses amounting to $29.25.

Antonio Diez Urrutia appeared before the Commission and alleged that it lacked jurisdiction because he employed less than three workmen and because it was an accident caused by the criminal intervention of a third person.

The beneficiary or heir of Ramos Torres filed a suit against José S. Mera, but by compromise the case was settled in the District Court of Arecibo with a judgment favorable to the plaintiff and she appeared before the Commission and asked that the case before it be filed away as she had no interest. This the Commission did. However, the Commission on January 31, 1940, made an order whereby Antonio Diez Urrutia was ordered to pay the $29.25 to which we have referred. Despite the motion for reconsideration the Commission insisted on its finding.

■■ The idea of the Commission seems to have been that, when an employee files a claim before the Commission, the employer should be held responsible.

From this decision the petitioner appealed. Before this court the manager of the State Fund filed a motion that the appeal be dismissed because it was not notified to him. We are disposed to acknowledge that the manager has some interest in all matters that come before the Commission, but he does not point out to us any positive provision of law

that requires a notice in a case where the Commission reaches a final conclusion similar to the one obtained in this revision case. The appeal was notified to the Commission by mail on the 14th of March, 1940, and a similar notice was sent to the heir of Ramos Torres. The motion of the manager can not prevail. The notice to the Commission of the appeal sufficiently covered the case and if it was necessary they could notify the manager of the State Fund who in point of fact appeared before us to argue the case. For the present it seems to us that matters of appeal in similar cases need not be construed too strictly.

■ Going then to the merits of the case, it is, of course, clear that Antonio Diez Urrutia was not an insured employer, especially as he employed less than three workmen.

Although apparently the man who filed the complaint before the Commission was related to Antonio Diez Urrutia, he was not authorized to do so. Very frequently it will happen that an insured employer will ratify the act of one of his employees in notifying the Commission of an accident. We can not see, however, that a notification in this case falls under any rule of agency that makes the principal responsible for an act of his employee. The notice that the latter gave did not fall within his duties.

The orders should be reversed and the employer discharged from the claim.